# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LJC FINANCIAL, LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-648 |
| | § | |
| ALLIANT NATIONAL TITLE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Ken Kades and Ronald Moore, two lenders, and LJC Financial, LLC, a loan broker, bought property at a foreclosure sale after the borrower defaulted on its loan. After buying the property, they discovered a lien for unpaid property taxes. They filed suit in state court against the title insurer, Alliant National Title Insurance Company ("Alliant"), for failing to alert them to the tax lien and for refusing to indemnify them in a suit against them to collect those taxes. (Docket Entry No. 6). Alliant removed based on diversity jurisdiction, then moved to dismiss, or alternatively, for a more definite statement. Based on the pleadings; the motion, response, and reply; and the applicable law, the court grants the motion to dismiss in part and denies it in part, grants leave to amend as to some of the claims no later than **January 16, 2015**, and grants the motion for a more definite statement. The reasons for these rulings are stated below.

## I. Background and the Allegations in the Petition

Because the facts alleged in the original petition contain internal contradictions and are at odds with the facts described in later pleadings, the facts set out below are drawn primarily from the plaintiffs' response to the motion to dismiss. Ken Kades and Ronald Moore loaned $530,000 to the New Bethlehem Missionary Baptist Church. The loan was secured by a lien on real property located

at 12707 Cullen Boulevard, Houston, Texas. LJC Financial served as the loan broker. Alliant issued a title insurance policy to Kades and Moore for the property.

The church defaulted on the loan. Kades and Moore foreclosed and purchased the property for $471,562.48 at the foreclosure auction held on July 5, 2011. On July 8, 2011, a tax collection suit was filed against the property and the plaintiffs. The complaint in the collection suit alleged $324,575.33 in outstanding property taxes for tax years 2004 to 2008. Kades and Moore notified Alliant of the claim on July 26, 2011 and asked Alliant to defend. (Docket Entry No. 17 at 6). Alliant acknowledged receipt of the claim and asked Kades and Moore for additional information. Kades and Moore failed to respond; they claim the added information was "irrelevant." Alliant denied the claim. (Docket Entry No. 1, Ex. 2). The plaintiffs paid $1,619.00 to defend the tax suit, and $324,575.33, the full amount of the taxes claimed, to settle that suit. LJC Financial "advanced" these amounts on behalf of Kades and Moore. (*Id.*).

The plaintiffs sued Alliant in state court, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of §§ 2703.052, 541.060, and 541.061 of the Texas Insurance Code, negligent misrepresentation, and negligence in the preparation of a title insurance policy. (*Id.*). The state-court petition alleged that the three plaintiffs had made the loan, taken out the title-insurance policy, purchased the home at foreclosure, and, as a result of Alliant's refusal to defend the tax suit, paid back taxes and legal fees.

Alliant moved to dismiss for lack of subject-matter jurisdiction, failure to state a claim, and failure to plead fraud with particularity, and alternatively, moved for a more definite statement. (Docket Entry No. 6).

## II. The Applicable Legal Standards

### A. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and internal quotation marks omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation and internal quotation marks omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261; *Olivier v. Kelly*, No. 12-CV-642, 2012 WL 4207301, at *2 (W.D. La. Aug. 31, 2012) ("Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings . . . to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995))).

One aspect of subject-matter jurisdiction is standing. Three elements are required: "(1) an

'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As "the party invoking federal jurisdiction," the plaintiffs "bear[] the burden of establishing these elements." *Lujan*, 504 U.S. at 561. They must meet this burden "'with the manner and degree of evidence required at the successive stages of the litigation,'" which means that "on a motion to dismiss, [they] must allege facts that give rise to a plausible claim of . . . standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561). When a complaint seeks multiple kinds of relief, the plaintiff must show standing "for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

### B. Failure to State a Claim

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a

4

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

For fraud claims, Rule 9(b) also requires the complaint to "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." (internal quotations omitted)).

When a plaintiff's complaint fails to state a claim, the court should generally give the

plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

  **C.** **Motion for a More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004). A motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail. *See Davenport v. Rodriguez,* 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

**III.** **Analysis**

### A. Standing

Alliant contends that Kades and Moore lack standing to sue because they suffered no injury-in-fact. Alliant argues that because the plaintiffs alleged that LJC Financial paid the taxes and defense costs, Kades and Moore have not been injured. (Docket Entry No. 6 at 6).

The state-court petition alleged that all of the plaintiffs paid the taxes and incurred the costs to defend the tax collection suit. The petition states that LJC Financial "advanced" payment of the property taxes and defense costs in the underlying tax-collection suit. (Docket Entry No. 1, Ex. 2 at 1). In their response to the motion to dismiss, the plaintiffs assert that Kades and Moore "entered into a transaction" with LJC Financial to pay the taxes and defense costs . The plaintiffs argue that as a result, "Kades and Moore sustained an actual loss . . . of $324,575.33." (Docket Entry No. 17 at 6–7). Kades and Moore have sufficiently alleged an injury-in-fact to have standing to pursue their claims.

### B. Negligence and Negligent Misrepresentation

The plaintiffs claim that Alliant misrepresented the outstanding taxes on the property by failing to discover and disclose the $324,575.33 in unpaid back taxes. (Docket Entry No. 1, Ex. 2 at 6). The plaintiffs also allege that Alliant negligently prepared the title insurance policy because it failed to discover and disclose those taxes. (*Id.*). Alliant argues that Texas law does not recognize such negligence claims.

In *Chicago Title Insurance Company v. McDaniel*, 875 S.W.2d 310 (Tex. 1994), the plaintiffs sued their title insurer after discovering a preexisting lien on the home they had purchased, alleging a failure to disclose. *Id.* at 310. The Texas Supreme Court held that the insurer was not liable for misrepresentation because the "issuance of a policy did not constitute a representation regarding the status of the property's title." *Id.* at 311. The court declined to impose a duty on the

7

insurer to disclose any title defects because "the only duty imposed by a title insurance policy is the duty to indemnify the insured against losses caused by defects in title." *Id.*

The court in *Chicago Title Insurance Company* contrasted *First Title Company v. Garrett*, 860 S.W.2d 74 (Tex. 1993), which held an insurer liable for an "affirmative representation that there were no restrictive covenants of record." *Chicago Title Ins.*, 875 S.W.2d at 311 n. 1. In *First Title Company*, the insurer had issued a "title commitment" in which it listed "none of record" in the space for itemizing restrictive covenants of record. *See First Title Co.*, 860 S.W.2d at 76–77. The court held that because "none of record" affirmatively represented "that there were no restrictive covenants in the county deed records," the plaintiff could sue for misrepresentation. *Id.* at 76.

These two cases show that under Texas law, a title insurance policyholder may pursue a negligent misrepresentation claim if the insurer affirmatively represents clear title, but not if the insurer simply issues a title insurance policy. A title insurer does not act negligently by failing to discover and disclose title defects. "Although an insurer cannot misrepresent the state of the title or mislead the insured, it has no duty to point out any outstanding encumbrances." *McGonagle v. Stewart Title Guar. Co.*, 432 S.W.3d 535, 542 (Tex. App. — Dallas 2014, pet. filed), *reh'g denied* (June 24, 2014).

The plaintiffs have not alleged any affirmative representation by Alliant that no taxes were due. In their original petition, the plaintiffs allege that Alliant made misrepresentations "in the course of its business and/or in the course of a transaction in which Alliant had an interest . . . includ[ing] misrepresentation of the outstanding taxes on the property." The plaintiffs claim that the misrepresentation was one of omission: the outstanding real property taxes "were not identified as an exception to the Title Policy." (Docket Entry No. 1, Ex. 2. at ¶ 12). Texas law makes clear that there is no liability for misrepresentation based on such allegations.

8

The motion to dismiss is granted as to the negligent misrepresentation claims, without prejudice, and the plaintiffs may replead in order to specify what, if any, affirmative representations were made to them regarding the outstanding taxes on the property. The motion to dismiss the plaintiffs' negligent title insurance policy preparation claim is granted, with prejudice, because amendment would be futile.

### C. Texas Insurance Code § 2703.052

The plaintiffs claim that Alliant violated § 2703.052 of the Texas Insurance Code, which addresses a title insurance company's duties when it receives a claim. Alliant argues that there is no private right of action for violations of this Texas Insurance Code section.

Section 2703 of the Texas Insurance Code does not expressly grant a private right of action. "Causes of action may be implied only when a legislative intent to do so appears in the statute as written." *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004). The plaintiffs argue that their cause of action is based on the statement in § 2701.002 of the Texas Insurance Code that "Chapter 601, Business & Commerce Code, is a consumer protection law when construed in connection with a title insurance policy issued in this state," and on the fact that Chapter 601 of the Business and Commerce Code creates a private right of action for consumers. *See* Tex. Bus. & Comm. Code § 601.202. But the plaintiffs did not bring claims under the Business and Commerce Code. Rather, they sued under § 2703.052 of the Texas Insurance Code, which does not confer a private right of action on consumers. The plaintiffs' claims for violation of § 2703.052 of the Texas Insurance Code are dismissed, with prejudice and without leave to amend because amendment would be futile.

### D. Texas Insurance Code § 541.061

Alliant moves to dismiss the claims under § 541.061 of the Texas Insurance Code because they do not satisfy the pleading requirements for fraud. The plaintiffs dispute that Rule 9(b)'s

9

heightened pleading requirements apply, but seek leave to amend. The pleading is deficient under Rule 9(b), and this claim is dismissed, but without prejudice and with leave to amend.

### E. Motion for More Definite Statement

Alliant argues that the plaintiffs' claims must be dismissed because Kades and Moore did not incur actual damages. Actual damages are required to support claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of § 540.060 of the Texas Insurance Code. Alliant also argues that some claims must be dismissed because LJC Financial is not an "insured" under the title insurance policy. Alternatively, Alliant moves for a more definite statement.

The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Willaims, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting *Advanced Commun. Tech., Inc. v. Li*, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)). In evaluating a motion for more definite statement, a court must assess the complaint in light of the Rule 8 pleading requirements, which state as follows:

> a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

"'If a pleading fails to specify the allegations in a manner that provides sufficient notice,' then a Rule 12(e) motion may be appropriate." *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *see also Twombly*, 550 U.S. at 590 n. 9 (Stevens, J., dissenting) ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement.").

The petition refers to Kades, Moore, and LJC Financial collectively as "Plaintiffs," asserting that they loaned money to the New Bethlehem Missionary Baptist Church, purchased a title insurance policy from Alliant, and paid the outstanding tax claim and the costs of defending a tax suit. A footnote states that only Kades and Moore were "named insureds," and only LJC Financial "advanced the taxes at issue in this case." (Docket Entry No. 1, Ex. 2, at 1). The plaintiffs' response to Alliant's motion to dismiss states that "LJC advanced the funds and has not yet been repaid by Kades and Moore," but does not state whether Kades and Moore are required to repay those funds. (Docket Entry No. 17 at 13). The plaintiffs argue simultaneously that their claims are adequately pleaded because Kades and Moore incurred actual damages by paying the overdue taxes, and that LJC Financial was an "insured" under the title insurance policy because it "became . . . an insured under the definition in the Title Policy" when it paid the overdue taxes for Kades and Moore. (Docket Entry No. 17).

In short, the petition asserts numerous claims on behalf of all plaintiffs without distinguishing among them. But as Alliant notes in its motion to dismiss, many of these claims require a plaintiff to be in privity with the title insurer, or to suffer actual damages. The plaintiffs'

11

failure to plead more specifically as to each plaintiff precludes a proper response. The motion for more definite statement is granted.

**IV.    Conclusion**

The motion to dismiss for lack of subject-matter jurisdiction is denied. The plaintiffs' negligent misrepresentation claims are dismissed, without prejudice. The claims for negligence in preparing and issuing the title insurance policy and for violation of § 2703.052 of the Texas Insurance Code are dismissed, with prejudice. The motion for more definite statement is granted. An amended complaint must be filed by **January 16, 2015**. The complaint must comply with Rule 8, specifying each plaintiff's basis for asserting each claim, including, when required, that plaintiff's relationship with Alliant and the actual damages that plaintiff incurred.

SIGNED on December 16, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge