**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LJC FINANCIAL, LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-648 |
| | § | |
| ALLIANT NATIONAL TITLE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Ken Kades and Ronald Moore, two lenders, bought a property at a foreclosure sale after the borrower defaulted on its loan. After the purchase, they discovered a lien for unpaid property taxes. Kades and Moore sold the property to LJC Financial, a loan broker. LJC Financial paid the property taxes and cleared the lien. Kades, Moore, and LJC Financial then sued the title insurer, Alliant National Title Insurance Company ("Alliant"), in state court, for failing to alert Kades and Moore to the tax lien and for refusing to indemnify the lenders in the suit filed against them to collect those taxes. (Docket Entry No. 6). Alliant moved to dismiss or alternatively for a more definite statement. The court granted the motion in part and denied it in part, dismissing some claims with prejudice and ordering the plaintiffs to replead others to clarify which plaintiffs asserted which claims and what damages each plaintiff claimed. (Docket Entry No. 20). The plaintiffs filed a first, and then a second, amended complaint. (Docket Entry Nos. 22, 27).

Alliant has now moved to dismiss LJC Financial's breach-of-contract claims. (Docket Entry Nos. 24, 30). The plaintiffs responded, and Alliant replied. (Docket Entry Nos. 28, 29). Based on the pleadings; the motion, response, and reply; and the applicable law, the court grants the motion

to dismiss.  The reasons are explained below.

## I.    Background

On July 9, 2010, Ken Kades and Ronald Moore loaned the New Bethlehem Missionary Baptist Church $530,000.  (Docket Entry No. 27 at p. 2).  The loan was secured by a lien on real property located at 12707 Cullen Boulevard, Houston, Texas.  Kades and Moore obtained a title-insurance policy for the property from Alliant.  (*Id.*).  LJC Financial served as the loan broker on the transaction.  (*Id.*).

The church defaulted on the loan.  (*Id.* at p. 4).  Kades and Moore foreclosed and purchased the property for $471,562.48 at a foreclosure auction held on July 5, 2011.  (*Id.*).  On July 8, 2011, a tax-collection suit was filed against the property and Kades and Moore, seeking $324,575.33 in outstanding property taxes for tax years 2004 to 2008.  (*Id.* at pp. 5, 7).  Kades and Moore notified Alliant of the claim on July 26, 2011 and asked it to defend.  (*Id.* at p. 5).  Alliant acknowledged receipt of the claim and asked Kades and Moore for additional information.  (*Id.*).  Kades and Moore did not respond.  In this suit, they claim the information Alliant sought was "irrelevant."  Alliant denied the claim.  (Docket Entry No. 1, Ex. 2).

On October 26, 2011, Kades and Moore sold the property to LJC Financial at a "reduced sales price."  (Docket Entry No. 27 at pp. 5–6).  LJC Financial paid $1,619.00 to defend the tax suit and $324,575.33, the full amount of the taxes claimed, to settle.  (*Id.* at p. 7; Docket Entry No. 1, Ex. 2).

Kades, Moore, and LJC Financial sued Alliant in state court, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of §§ 2703.052, 541.060, and 541.061 of the Texas Insurance Code, negligent misrepresentation, and negligence in the preparation of a title

insurance policy.  (Docket Entry No. 1, Ex. 2).  The court has dismissed some claims.  (Docket Entry

No. 20).  In their second amended complaint, all plaintiffs assert claims for breach of contract.

Kades and Moore, but not LJC Financial, also assert claims for violations of § 541.060(a) of the

Texas Insurance Code and for breach of the duty of good faith and fair dealing.  (Docket Entry No.

27).

## II.    The Applicable Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be

granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which

requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.

R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible

on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S.

662 (2009).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and

conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'"  *Norris*

*v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*,

3

556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).   "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555).   "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

In considering a Rule 12(b)(6) motion to dismiss, a court limits itself to the contents of the pleadings, with an exception.  In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99). Other courts approve the same practice.  *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citations omitted)); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1988) (citation omitted); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

When "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those

materials, but does not require them to do so.  *See Prager v. LaFaver*, 180 F.3d 1185, 1188–89 (10th Cir. 1999); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366).  A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate resolving the action.  *Isquith*, 847 F.2d at 193 n. 3. If the court decides to consider the material, then the court must treat the Rule 12(b)(6) motion as a Rule 56 motion.  FED. R. CIV. P. 12(d).  If the court refuses to consider materials outside the pleadings, the court decides the motion to dismiss under the Rule 12(b)(6) standard.

## III.    Analysis

The critical issue is whether LJC Financial is an insured under the Title Insurance Policy Kades and Moore obtained from Alliant, and is therefore entitled to assert a breach-of-contract claim against Alliant for failing to pay the overdue property taxes and for failing to advance defense costs. LJC Financial did not sign the Title Insurance Policy that it claims Alliant breached.  That Policy covers certain losses to the "Insured," which includes the named insured and "the owner of the Indebtedness."  (Docket Entry No. 24, Ex. 1 at p. 2).  The Policy defines the "Indebtedness" as the obligation secured by "Insured Mortgage," which is identified in Schedule A as the "Deed of Trust dated July 9, 2010 . . . executed by New Bethlehem Missionary Baptist Church/Southside . . . securing the payment of one note in the sum of Five Hundred Thirty Thousand ($530,000.00) payable to Ronald J. Moore and Kenneth P. Kades."  (*Id.* at p. 5).  The Policy states in Condition 1(d) that if the obligation is "the payment of a debt," it includes: "amounts to pay taxes and insurance."  (*Id.* at p. 2).  The plaintiffs argue that because LJC Financial paid the taxes due on the property, it is an Insured under Condition 1(d)(viii) because its tax payment means that it owns part

of the Indebtedness.

The Policy does not support this argument.  The Policy states that the "Indebtedness" includes amounts to pay taxes and insurance and limits Alliant's liability to the total amount of the Indebtedness.  The Policy does not state, however, that any person who pays the sums that make up the "Indebtedness," including delinquent taxes due on the insured property, is an Insured.  Instead, the Policy states that to be an Insured, an individual must own the "Indebtedness" or the "Insured Mortgage" described in Schedule A.  The plaintiffs do not allege that LJC Financial owned the Indebtedness, the July 9, 2010 mortgage debt.  The fact that LJC Financial paid part of the "Indebtedness" does not make it an owner of that part.  Because LJC Financial is not an Insured, its breach-of-contract claim is dismissed.

## IV.   Conclusion

Alliant's motion to dismiss, (Docket Entry No. 24), is granted.  The dismissal is with prejudice because LJC Financial has already amended and further amendment would be futile.

SIGNED on April 24, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6